IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01533-GPG

JOHN E. HANDY,

     Plaintiff,

v.

JUDGE PANNELL (in his individual & professional capacity),
COUNTY ATTORNEY DAVID AYRAUD (in his individual & professional capacity), and
D.H.S. EMPLOYEE CATHY BECK (in her individual & professional capacity),

     Defendants.

---

ORDER OF DISMISSAL

---

     Plaintiff, John E. Handy, is an inmate at the Larimer County Jail in Fort Collins, Colorado.  Mr. Handy has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  The Court must construe the complaint liberally because Mr. Handy is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

     Mr. Handy has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Handy's claims are

frivolous or seek monetary relief from a defendant who is immune from such relief.  *See*

28 U.S.C. § 1915(e)(2)(B)(i) & (iii).  A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do

not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

For the reasons stated below, the Court will dismiss the action pursuant to §

1915(e)(2)(B)(i) and (iii).

Mr. Handy is suing three Defendants for allegedly denying him due process in a

state court dependency and neglect case filed against him in 2010.  He alleges that

Judge Pannell is the state court judge who presided over the dependency and neglect

case, David Ayraud is the county attorney who prosecuted the case against him, and

Cathy Beck is an employee of the Larimer County Department of Human Services who

initiated the dependency and neglect case.  Mr. Handy asserts the following facts in

support of his due process claim in the Prisoner Complaint, which is quoted verbatim

without correcting or identifying errors in grammar or punctuation.

> In the year 2010 while my then wife, Tiffany Handy, was in the hospital giving birth to my son.  I was informed that Ms. Cathy Beck, a D.H.S. Worker, was trying to take-away our son.  This information came to me by and through Tiffany Handy's sister, for whom told me that for several months now Ms. Beck was initiating procedures in order to take away our unborn child at the time.  After speaking with Ms. Cathy Beck and being told that I was not allowed to bring our son (Isaiah) home from the hospital, and if I tried Ms. Beck would file with the Court an emergency order which would prohibit me from have possession of my child.  I was told that I would need to appear in Court regarding a Dependency and Neglect Case.

> Throughout the duration that this Dependency and Neglect Case (Case #2010JV418) occurred I was represented by Counsel.  However, from the beginning of

>this entire ordeal I demanded that a Trial/Hearing be set before a jury of my peers.  I appeared once every month in Court as required by the Court, and by D.H.S.  Not one single time did I EVER participate in a Trial/Hearing before Judge Pannell and/or in front of a jury of my peers.  The fact is apparently a "decision" was made by the Court, which resulted in my son Isaiah being taken-away from me, without ever having the opportunity to participate in a Hearing/Trial before a jury and/or a judge.  The Judge essentially made an arbitrary and capricious decision, stepping outside of his Professional Capacity, and individually DENIED me my right of due process in order to have the fact and evidence against me concerning the Dependency and Neglect Case, tried within a Court of law.
>
>My son was taken away from me and He was appointed to live/reside with relatives.  After Judge Pannell made his decision with regards to my child.  The attorney representing me filed an appeal with the Appellate Court in Denver, Colorado.  It came to be that I ended-up winning my appeal.  The decision of Judge Pannell was over-turned because the Appellate Court affirmed that my due process rights and equal protection were violated because I was NOT afforded a Trial/Hearing either before a jury of my peers and/or before a Judge/Magistrate.

(ECF No. 1 at 5-6.)  Although Mr. Handy alleges that he prevailed on appeal, he also alleges that he never got his son back.

Mr. Handy's due process claim against all three Defendants is premised on the absence of a trial or other opportunity to confront his accusers and present evidence in his defense.  He specifically contends that Judge Pannell abused his discretion by deciding what was in the best interests of Mr. Handy's child without affording Mr. Handy an opportunity to present evidence or cross-examine his accusers; that David Ayraud failed to ensure Mr. Handy's due process rights were upheld by neglecting to speak out about the absence of a trial or other hearing; and that Cathy Beck allowed Judge Pannell to issue a ruling without affording Mr. Handy a trial or other hearing.  Mr. Handy

is suing each Defendant in his or her individual and official capacities and he seeks damages as relief for the alleged due process violation.  He also requests an investigation by a judicial committee to determine if Defendants have committed other constitutional violations and he "would like both Judge Pannell and County Attorney David Ayraud DISBARRED, and would like Ms. Cathy Beck fired from her job position at D.H.S."  (ECF No. 1 at 11.)  The Court lacks authority to form a judicial committee to investigate Defendants or to have Defendants disbarred or fired.  Therefore, the Court will consider only Mr. Handy's claim for damages.

Mr. Handy's due process claim for damages lacks merit for several reasons. First, the claim is untimely.  Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").  It is obvious on the face of the Prisoner Complaint that Mr. Handy's due process claim accrued at the latest in 2011 and that more than two years passed before the instant action was filed in July 2015. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (two-year statute of limitations applies to § 1983 claims in Colorado).

Second, even if the Prisoner Complaint was timely, Mr. Handy fails to allege facts that demonstrate any Defendant other than Judge Pannell denied him a trial or other

4

opportunity to confront his accusers and present evidence in his defense in the state

court action.  Mr. Handy's allegations that David Ayraud failed to ensure Mr. Handy's

due process rights were upheld by neglecting to speak out about the absence of a trial

or other hearing and that Cathy Beck allowed Judge Pannell to issue a ruling without

affording Mr. Handy a trial or other hearing do not demonstrate either of those

Defendants personally participated in the alleged denial of due process.  Therefore,

because allegations of "personal participation in the specific constitutional violation

complained of [are] essential," *see Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir.

2011), Mr. Handy's due process claims against David Ayraud and Cathy Beck are

legally frivolous.

      Finally, assuming Mr. Handy can state an arguable due process claim against

Judge Pannell premised on the alleged denial of a trial or other opportunity to confront

his accusers and present evidence in his defense, Judge Pannell is entitled to absolute

judicial immunity.  Judges are absolutely immune from liability in civil rights suits for

money damages for actions taken in their judicial capacity unless the judge was acting

in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991);

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263,

1266-67 (10th Cir. 1994).  Mr. Handy does not allege any facts that demonstrate Judge

Pannell acted outside the scope of his absolute immunity with respect to the challenged

decision in Mr. Handy's state court dependency and neglect case.  To the extent Mr.

Handy seeks damages from Judge Pannell in his official capacity, his claim for

damages is barred by the Eleventh Amendment.  *See Edelman v. Jordan*, 415 U.S.

651, 662-67 (1974) (absent an express and unambiguous waiver or abrogation by

5

Congress, the Eleventh Amendment bars suits for retrospective relief such as damages against states and state officials sued in their official capacities).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity.  *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

For these reasons, the Prisoner Complaint will be dismissed.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   27th   day of    July    , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court